UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                        **DECISION AND ORDER**
                                                    13-CR-80S (5)

BRANDON ATKINS,

                          Defendant.

On July 14, 2020, Defendant Brandon Atkins moved to terminate the remaining period of his supervised release—approximately 11 months—under 18 U.S.C. § 3583 (e)(1).[1]  (Docket No. 692.)  He contends that termination of his supervised release period is warranted because he has exhibited exceptionally good behavior, has remained employed, has complied with all required conditions, and has generally succeeded on supervised release.  The government opposes Atkins's motion.  (Docket No. 694.)  For the reasons below, Atkins's motion is denied.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release.  See 18 U.S.C. § 3583 (e)(1).  But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a).  Id.  Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of

---

[1] This is Atkins's second request.  This Court denied his previous request on April 24, 2019.  (Docket No. 657.)

1

supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Atkins's term of supervised release is not warranted and would not be in the interest of justice.  Atkins received a 24-month term of imprisonment for possession with intent to distribute and distribution of crack cocaine, activity he engaged in while on state parole, and on several occasions, in the company of his young child. This is serious criminal conduct that warrants the full four years of supervised released imposed at sentencing.

Moreover, while Atkins's successes on supervision, steady employment, and good behavior may be laudable and are in no way diminished, they alone do not warrant termination of supervision.  See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it

were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Accordingly, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Atkins's criminal conduct, and the continuing interests of deterrence counsel in favor of maintaining Atkins's supervised release.   Atkins's motion for early termination is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 692) is DENIED.

SO ORDERED.


Dated:   August 7, 2020
         Buffalo, New York

                                                          s/William M. Skretny
                                                         WILLIAM M. SKRETNY
                                                         United States District Judge